Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50048 | **DATE** | 10/12/2010 |
| **CASE TITLE** | The Guardian Life Insurance Co. Vs. Weil, et al. | | |

**DOCKET ENTRY TEXT:**

Nieves' and Coles' motions to proceed *in forma pauperis* [27][25] are denied without prejudice. Nieves' and Coles' motions for the appointment of counsel [40][41] are denied. The motion to appoint counsel [39] and motion to appoint a guardian ad litem [46] as to S.O.B., a minor, are granted. The motion to appoint counsel [42] and motion to appoint a guardian ad litem [45] as to Daley are granted. The court appoints Frank A. Perrecone, Ferolie & Perrecone, Ltd., 321 West State Street, Suite 800, Rockford, Illinois 61101, (815) 962-2700, to represent the interests of defendants S.O.B. and Daley.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

This case is an interpleader action brought by the Guardian Life Insurance Company of America ("Guardian") against Stephen M. Weil ("Weil"), Ryann E. Nieves ("Nieves"), Brady T. Coles ("Coles"), S.O.B., a minor ("S.O.B."), and Ronald C. Daley ("Daley"). A dispute arose as to life insurance benefits resulting from the death of Paula Helms, mother to Nieves, Coles, S.O.B. and Daley, and partner of Weil. Helms had designated beneficiaries as follows: Weil (50%), Nieves (12.5%), Coles (12.5%), S.O.B. (12.5%), and Daley (12.5%). Subsequent to her death, Nieves, Coles, and Daley were each distributed their 12.5% ($12,527.98) share, and an additional 12.5% ($12,527.97) was held by Guardian to be paid to a designated legal guardian or to S.O.B. when the minor attains the age of majority. As to the remaining 50% ($50,000), Nieves alleges Weil voluntarily relinquished his claim to the benefits. Weil disputes the allegation and seeks payment of the benefits. In order to avoid multiple litigation and/or multiple liability, Guardian was allowed by order of the court to deposit $50,000 in unpaid insurance benefits plus interest with the clerk of the court.

On July 26, 2010, Nieves and Coles filed motions to appear *in forma pauperis* [27][25]. On September 20, 2010, Nieves filed *pro se* motions to appoint counsel [39][40][41][42] on behalf of Nieves, Coles, Daley, and S.O.B. On the same day, Nieves filed motions for the appointment of a guardian ad litem [45][46] on behalf of Daley and S.O.B., alleging that S.O.B. is a minor and that Daley lacks the capacity to represent himself as a result of a diagnosis of schizophrenia. The court will now address all eight motions.

Nieves' motion to proceed *in forma pauperis* [27] is denied without prejudice. Nieves represented to the court that she has no more than $500 in cash, checking, or savings accounts and that she is financially responsible for two unemployed relatives and one minor relative. However, Nieves indicated that she has not received more than $200 in the twelve months preceding July 23, 2010 from any source, including life insurance. This conflicts with Guardian's representation to the court that it provided a check in the amount of $12,527.98 to Ryann Esther Nieves subsequent to Helms' death on July 31, 2009. The court does not have sufficient information to resolve the conflicting information at this time, and therefore denies the motion without prejudice.

Coles' motion to proceed *in forma pauperis* [25] is denied without prejudice. Coles represented that

he is unemployed, is no longer receiving unemployment payments, and has a minor sibling residing with him for whom he, along with Nieves, are financially responsible. As with Nieves, Coles has created a similar conflict by representing on his *in forma pauperis* application that he did not receive a check for $12,527.98 that Guardian says it distributed. Without further information, the court will similarly deny his motion.

As to the motions to appoint counsel, the court notes that civil litigants do not have a constitutional or statutory right to counsel in federal court. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, a party who is unable to afford counsel may request that the court appoint counsel for them pursuant to 28 U.S.C. § 1915(e)(1). Attorneys appointed pursuant to this statute are generally not paid for their services. Once the party makes a preliminary showing that he is unable to afford counsel and that his reasonable efforts to retain private counsel on his own were unsuccessful, it is then discretionary on the part of the court whether appointment of counsel is warranted. *See Johnson*, 433 F.3d at 1006. That discretion is guided by Local Rule 83.36, which takes the following factors into account:

(1) the potential merit of the claims as set forth in the pleadings;

(2) the nature and complexity of the action, both factual and legal, including the need for factual investigation;

(3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination;

(4) the capability of the *pro se* party to present the case;

(5) the inability of the *pro se* party to retain counsel by other means;

(6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and

(7) any other factors deemed appropriate by the judge.

In light of the above factors, Nieves' motion for the appointment of counsel [40] is denied. The court finds the nature of this case to be relatively straightforward. To the extent it is adversarial or conflicting testimony may exist, the disputed facts result from the alleged legal documents created by Nieves through which Weil is alleged to have relinquished his rights. Nieves has shown herself to be capable of representing her interests in this matter. The court also notes that Guardian has represented that Nieves was distributed a check in the amount of $12,527.98, which has not been accounted for in Nieves' motion or related filings.

Coles' motion for the appointment of counsel [41] is similarly denied. His interests coincide with those of Nieves, and he has likewise shown himself to be capable of representing his interests in this case. As with Nieves, Guardian represented that it distributed a check for $12,527.98 to Coles which was not accounted for in his financial affidavit or other documents submitted to the court.

As to S.O.B., a minor, and Daley, an adult alleged to be incompetent under Fed. R. Civ. P. 17(c), the court must undertake a different analysis. Rule 17(c)(2) states that "[t]he court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). Where an infant's or incompetent person's interest is already represented, a court has no duty to appoint a guardian ad litem, but may do so in its discretion. *In the Matter of Chicago, Rock Island and Pacific R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986). Where such person's interest is not adequately represented, the court has a duty to appoint a representative." *Id*. The court cannot determine the interests of S.O.B. and Daley at this stage, and is therefore unable to make a finding as to whether their respective interests are currently represented. In its discretion, the court will appoint counsel to act as a guardian ad litem for S.O.B. and Daley.

The motions to appoint counsel [39][42] and motions to appoint a guardian ad litem [45][46] are granted. The court finds that S.O.B. and Daley have the same interests and that it is appropriate to appoint one attorney to represent both of their interests. The court appoints Frank A. Perrecone, Ferolie & Perrecone, Ltd., 321 West State Street, Suite 800, Rockford, Illinois 61101, (815) 962-2700, as guardian ad litem for

S.O.B. and Daley.  Counsel is to investigate the circumstances by which the parties are before the court and represent the best interests his clients to the court.  Counsel is also instructed to make efforts to determine the whereabouts of the life insurance proceeds due or paid to S.O.B. and Daley by Guardian.  As to Daley, the court specifically requests that counsel investigate and report to the court as to the competency of Daley and the continuing need for a guardian ad litem.

Local Rule 17.1 states that in actions brought by or on behalf of an infant or incompetent, "the court may authorize payment of reasonable attorneys' fees and expenses from the amount realized in such an action."  Where the amount realized is the result of insurance proceeds awarded to beneficiaries in an ERISA action, the court finds it may deduct the fees from the proceeds of the beneficiaries.  *See Gibbs v. Gibbs*, 210 F.3d 491, 506 (5th Cir. 2000); *see also, Mutual Life Ins. Co. Of New York v. Ginsburg*, 228 F.2d 881, 883-84 (3rd Cir. 1956) (fees may be paid to a guardian ad litem out of a fund constituting the proceeds of a life insurance policy deposited in the registry of the court pursuant to court decree).  Appointed counsel is to be compensated for reasonable time spent representing the interests of S.O.B. and Daley out of the proceeds of the life insurance policy.  The court retains discretion to determine the amount and the portions of proceeds out of which the payments may be deducted.

| | Courtroom Deputy | BTJ |
|---|---|---|